UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEMAJIO JEROME ELLIS,           )
                                )
              Plaintiff,        )
                                )    CAUSE NO. 3:16-CV-620 RL
         vs.                    )
                                )
SERGEANT PRYOR, *et al.*,       )
                                )
              Defendants.       )

**OPINION AND ORDER**

Demajio Jerome Ellis, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE 9.) The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Ellis is inmate at the Westville Correctional Facility ("Westville"). He complains about events that occurred there on June 10, 2016. He states that he placed both of his hands out of his cuffport. Sergeant Pryor came to see why Ellis had his hands outside of his cuffport. Because Pryor and Ellis had problems in the past, the conversation quickly turned into an argument. Angered, Sergeant Pryor instructed Ms. Flakes to get a "strong" version of pepper spray. Sergeant Pryor sprayed into Ellis's cell for 4-6 seconds simply to cause harm. Then, without warning or reason, Sergeant Pryor deployed his taser on Ellis. Ellis alleges that Sergeant Pryor used excessive force and Ms. Flakes allowed him to do so.

The "core requirement" for an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (citation omitted). Several factors guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the amount of force used, and the extent of the injury suffered by the prisoner. *Id.*

Here, though the amended complaint is light on detail, giving

Ellis the inferences to which he is entitled at this stage, he alleges a plausible claim that Sergeant Pryor used force maliciously and sadistically to cause him harm. Although further factual development may show that Sergeant Pryor's actions were reasonable under the circumstances, Ellis has alleged enough to proceed on this claim.

Next, Ellis brings suit against Ms. Flakes for failing to intervene in Sergeant Pryor's use of excessive force. State actors "who have a realistic opportunity to step forward and prevent a fellow [state actor] from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir.1994). This is what has become known as a "failure to intervene" basis for a constitutional violation under the Eighth Amendment, a principle which this circuit has long recognized. *Fillmore v. Page*, 358 F.3d 496 506 (7th Cir. 2004); *Crowder v. Lash*, 687 F.2d 996, 1005 (7th Cir. 1982).

Giving Ellis the inferences to which he is entitled at this stage, he alleges a plausible claim that Ms. Flakes knew Sergeant Pryor was engaging in excessive force, had an opportunity to prevent him from using more force than was necessary under the circumstances, and nevertheless failed to intervene. The amended complaint can be read to allege that because they were acting in

concert, Ms. Flakes allowed Sergeant Pryor to use excessive force on Ellis. Although further factual development may show that Ms. Flakes acted reasonably under the circumstances, Ellis has alleged enough to proceed on this claim.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Sergeant Pryor in his individual capacity for monetary damages for using excessive force against him on June 10, 2016;

(2) **GRANTS** the plaintiff leave to proceed against Ms. Flakes in her individual capacity for monetary damages for failing to intervene in Sergeant Pryor's use of excessive force on June 10, 2016;

(3) **DISMISSES** any and all other claims contained in the complaint;

(4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Sergeant Pryor and Ms. Flakes with a copy of this order and the amended complaint as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS** that Sergeant Pryor and Ms. Flakes respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

DATED: February 7, 2017          /s/RUDY LOZANO, Judge
                                 United States District Court